# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN WALTER GASOWSKI, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-15-1308-R |
| ) | |
| ART LIGHTLE, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner John Walter Gasowski, a state prisoner appearing *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1) challenging the constitutionality of his state court conviction and sentence. Respondent moved to dismiss the petition **(ECF No. 13)**. Petitioner responded. (ECF No. 14). Because the Petition was filed after the expiration of Petitioner's one-year limitations period, *see* 28 U.S.C. § 2244(d), it is recommended that the Motion to Dismiss be **GRANTED**.

## I.    Expiration of Limitations Period

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for all habeas applications filed by prisoners in state custody. 28 U.S.C. § 2244(d)(1). The countdown generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). But Plaintiff contends his limitation period did not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See*

28 U.S.C. § 2244(d)(1)(D). The "factual predicate" allegedly supporting Petitioner's claim of actual innocence consisted of an affidavit from his accomplice stating the accomplice had had a secret plea agreement with prosecutors requiring him to testify against Petitioner at trial. As discussed in further detail below, however, the evidence upon which Petitioner relies does not constitute "newly discovered evidence" "that shows it is more likely than not that 'no reasonable juror' would have convicted [the petitioner]" if the evidence had been introduced at trial. *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1931 (2013) (internal citation and quotation omitted). Therefore, Petitioner's countdown began when his conviction became final. 28 U.S.C. § 2244(d)(1)(A).

On February 18, 2009, Petitioner was convicted after a jury trial on a charge of Attempted Theft of Anhydrous Ammonia, After Former Conviction of Two or More Felonies in Case No. CF-2008-14 (District Court of Jefferson County, Oklahoma). He was sentenced to 30 years' imprisonment. Petition (ECF No. 1:1).

On August 9, 2012, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction. (ECF No. 13-1). The judgment became final 90 days later when the time period ended during which he could have filed a Petition for Certiorari in the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Fleming v. Evans*, 481 F.3d 1249, 1257–58 (10th Cir. 2007) (state judgment becomes final when direct review in state court is complete and the time to petition for a writ of certiorari from the United States Supreme Court (ninety days) has expired). Thus, Petitioner's judgment became final on November 7, 2012. Absent any tolling, Petitioner's limitations period

would have expired on November 7, 2013. *See U.S. v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (calculation issues concerning AEDPA statutes of limitations should be resolved under the principles expressed in Rule 6(a) using the anniversary date of a triggering event).

But the one-year limitation period is tolled during the pendency of "properly filed" State post-conviction actions. 28 U.S.C.A. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"), and Petitioner filed such actions before expiration of his limitations period.

On February 13, 2013, Petitioner filed an application for sentence modification that was denied on February 26, 2013. (ECF No. 13-2:6).[1] Assuming such a motion falls in the category of "post-conviction" actions for purposes of determining how many days are tolled under AEDPA, Petitioner's limitations period was tolled for 14 days while his motion was pending, pushing forward his deadline to file a habeas petition to November 22, 2013.

---

[1] A review of Tenth Circuit cases on this issue revealed no cases deciding whether the time during which a motion for sentence modification is pending in an Oklahoma court should be counted for statutory tolling purposes. The Tenth Circuit has, however, stated that such a proceeding is not part of the direct review process for determining when a judgment becomes final. *See Williams v. Beck*, 115 Fed. Appx. 32, 33 (10th Cir. (2004) ("We agree with the respondents that the sentence modification procedure is not part of the *direct review* process under Oklahoma law.") (emphasis added). In this case, the fourteen days during which Petitioner's Motion to Modify Sentence was pending will be included in the total number of days tolled for purposes of determining the expiration date of Petitioner's one-year limitations period.

Petitioner filed an application for post-conviction relief on August 12, 2013. The trial court held an evidentiary hearing and denied the application on November 10, 2014. (ECF No. 13-2, 13-3). Petitioner appealed the trial court's denial of his application for post-conviction relief, and the OCCA affirmed the decision on May 6, 2015. The limitations period was tolled for another 632 days, and in all, Petitioner had accrued a total of 646 tolled days. Giving Petitioner credit for statutory tolling, his deadline for filing his federal habeas petition was pushed forward to August 15, 2015.

But Petitioner filed his Petition for Writ of Habeas Corpus in this case on November 17, 2015. Thus, absent equitable tolling, his Petition is barred from review.[2]

## II. Actual Innocence Exception to Time-Barred Claims

One of Petitioner's grounds for relief claims he is "actually and factually innocent" of the crime for which he was convicted. (ECF No. 1:11-13).

The Supreme Court has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (*citing Herrera v. Collins*, 506 U.S. 390, 404–405 (1993). In *McQuiggin*, however, the Supreme Court determined that a tenable claim of actual innocence serves

---

[2] In his Response, Petitioner contends another ninety days should be added to his days tolled to account for the time he could have filed a petition for certiorari in the Supreme Court. The ninety-day rule is applicable *only* in determining the date a judgment becomes final by *direct review* under 28 U.S.C. Section 2244(d)(1)(A). Application for a writ of certiorari is a part of the *direct review* of a criminal conviction. Applying for a writ of certiorari is *not*, however, a part of a "State post-conviction" action for purposes of tolling under 28 U.S.C. Section 2244(d)(2). *See Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999) (state post-conviction proceeding is final after the state's highest court has addressed the application). Therefore, Petitioner is not entitled to an additional 90 days of tolling.

4

as an exception to the general rule barring federal habeas petitions filed after the expiration of the one-year statutory limitation period:

> We hold that actual innocence, *if proved*, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* [*Schlup v. Delo*, 513 U.S. 298, (1995)] and *House* [*House v. Bell*, 547 U.S. 518 (2006)] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329; *see House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332.

*McQuiggin*, 133 S. Ct. at 1928.

In his habeas petition, Petitioner claims he discovered new evidence of his innocence. (ECF No. 1:5). The evidence of "actual innocence" arises from the trial testimony of his accomplice, Marc Trover. According to Petitioner, he discovered evidence, in the form of an Affidavit from Trover, that Trover had had a secret plea agreement with the prosecuting Jefferson County District Attorneys that was not revealed at Petitioner's trial. The secret plea agreement provided that in return for Trover's testimony against Petitioner, the DA would recommend a favorable sentence for Trover. The trial court held an evidentiary hearing during which various people testified.

Trover had entered a guilty plea and had been sentenced before he testified against Petitioner. At the evidentiary hearing, Trover at first stated that there was no plea agreement. Prompted by the trial court, Trover stated he could not remember what he

5

told the court at the time he entered his guilty plea. But the trial court confronted Trover with the transcript of his sentencing hearing, wherein he answered, "That's correct," to the trial court's direct question, "So at this time it's your understanding there is no plea agreement; is that correct?" (ECF No. 13-3:11). That no plea agreement between Trover and the prosecutors existed when Trover pled guilty and was sentenced was supported by the testimony of both prosecutors and Trover's own defense attorney. (*Id.* at 12). Trover's attorney clarified that Trover had entered a blind plea and agreed to testify against Petitioner in the hopes of receiving a favorable sentence agreement. (*Id.* at 13). The trial court correctly found that this scenario did not constitute a binding plea agreement and denied post-conviction relief.

Even if the evidence characterized as "new evidence" had supported Petitioner's claim, it did not establish "factual innocence." Rather, the evidence should be construed as impeachment evidence that had no bearing of Petitioner's guilt or innocence. The allegedly newly discovered evidence is insufficient to excuse Petitioner's procedural default of these claims. Accordingly, Respondent's Motion to Dismiss should be granted.

## RECOMMENDATION

Respondent's motion **(ECF No. 13)** should be **GRANTED**, and the petition **(ECF No. 1)** should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. Any objection must be filed with the Clerk of the District Court by **June 17, 2016**. *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFFERAL

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge in the captioned matter.

ENTERED on May 31, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE