**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOHN WALTER GASOWSKI, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | CIV-15-1308-R |
| | ) | |
| **ART LIGHTLE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

# ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction and sentence on one count of Attempted Theft of Anhydrous Ammonia, After Former Conviction of Two or More Felonies, out of the District Court of Jefferson County, Oklahoma. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On May 31, 2015, Judge Erwin issued a Report and Recommendation wherein he recommended that the Respondent's Motion to Dismiss (Doc. No. 13) be granted and the petition be dismissed as untimely. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. The Court has conducted its *de novo* review and finds as follows.

The Petition raises eight grounds for relief, including a claim that Mr. Gasowski is actually factually innocent of the charge for which he was convicted and a claim that he was denied counsel during a post-conviction evidentiary hearing. In the Petition under the heading entitled "Timeliness of Petition," Mr. Gasowski stated:

[T]his cause of action falls within the one year time limit of "AEDPA" due to the

> evidentiary hearing and denial being within the applicable one year provision, for the exception of NEWLY discovered evidence and the date of the factual predicate of the claim being presented being discovered and brought before the court, which is the basis for this application for habeas corpus, and falls well within the time limits for bringing a claim that is meritous (sic) to the court[']s attention. This claim could not have been brought before this date at any junction within the direct appeal time frame. Due to the State created impediment brought upon the Appellant thru bought testimony it has made it impossible for the appellant to attempt the correction of this error prior to the discovery of this newly discovered evidence. As-well-as the fact that the court was also frauded by this false testimony and the false evidence presented by the state, in the interests of fundamental fairness and the interests of justice this appeal is presented well within the time limit.

Doc. No. 1, pp. 22-23.[1] In response to the Petition, the Respondent filed a motion to dismiss the petition as untimely. The Respondent argued the petition was untimely pursuant to 28 U.S.C. § 2244(d)(1)(A), and further that Petitioner failed to establish actual innocence as to avoid the statute of limitations. Finally, Respondent argued that Petitioner was not entitled to rely on the starting date set forth in § 2244(d)(1)(D), because there was no "newly discovered evidence."

In recommending dismissal Judge Erwin concluded that pursuant to 28 U.S.C. § 2244(d)(1)(A) the petition was untimely because it was filed more than one year following the date on which the state court judgment against Petitioner became final, even when statutory tolling was considered. Judge Erwin concurred with the arguments set forth by Respondent in the motion to dismiss with regard to newly discovered evidence and Petitioner's attempt to rely on actual innocence to avoid the limitations period. Petitioner objects to the Report and Recommendation asserting the actual innocence exception to the statute of limitations. He also raises an issue with regard to his eighth ground for relief, failure to provide him counsel during his post-conviction

---

[1] Despite the statement in the Petition regarding a state-created impediment, Petitioner never identifies anything beyond the "newly discovered" affidavit of Mr. Trover to support his contention that § 2244(d)(1)(A) should not provide the applicable starting period for the statute of limitations.

evidentiary hearing.[2] Additionally, Petitioner argues for equitable tolling of the limitations period.

As noted, Petitioner presses eight grounds for relief. Grounds One, Two, Three, Five, Six, and Seven address substantive issues related to Petitioner's trial or direct appeal. Each of these claims is untimely under any of the provisions of § 2244(d)(1)(A), because there is no basis for applying an alternative starting time to the applicable one-year limitations period. *See Prendergast v. Clements*, 699 F.3d 1182, 1186-87 (10th Cir. 2012)(adopting a claim-by-claim basis for considering the timeliness of claims under the AEDPA). The Court concurs with Judge Erwin's calculations, other than the fact that August 15, 2015 was a Saturday, and therefore a timely petition under § 2244(d)(1)(A) was due on Monday August 17, 2015. Regardless, the November 20, 2015 filing of the instant Petition did not fulfill this requirement. Furthermore, Petitioner alleges no facts with regard to these particular grounds for relief that would implicate application of § 2244(d)(1)(B), (C) or (D) as the applicable starting point for the statute of limitations period for Grounds One, Two, Three, Five, Six or Seven. Accordingly, only with either equitable tolling or an equitable exception to the limitations period, as described in *McQuiggin v. Perkins*, — U.S. —, 133 S.Ct. 1924 (2013), could any of these particular claims be subject to consideration herein.

Ground Four raises an issue related to Petitioner's conviction, but he contends that it relies on "new evidence" so as to implicate the provisions of § 2544(d)(1)(D). In denying Petitioner's application for post-conviction relief the District Court of Jefferson County characterized the issue

---

[2] Petitioner's objection contains certain arguments that are difficult to discern. He now contends he was denied a direct appeal through no fault of his own, although it appears that a direct appeal was pursued on his behalf. He also states that "[i]f this court concludes that Defendant has procedurally defaulted by not filing an application to withdraw his plea within ten (10) days, he now ask to *remand this case with instructions to allow* for a recommendation that an appeal out of time be granted so that he might, if he so desires, withdraw his plea and renegotiate a resolution to this case." Doc. No. 16, p. 5. Such provision would apply only if Petitioner had entered a guilty plea and sought to withdraw the plea.

3

as follows:

> Petitioner complains that . . . [n]ewly discovered evidence, that prosecution witness Marc Trover, a co-defendant charged with Petitioner, was promised leniency in exchange for his testimony against Petitioner which promise was not disclosed by the prosecution and was denied by Trover at trial which Trover now claims was untruthful.

Doc. No. 13-3, p. 3. It is unclear when Mr. Trover executed the affidavit or when Petitioner became aware of its existence. However, even assuming that Petitioner became aware of the affidavit at such a time as to render § 2244(d)(1)(D) applicable, he seeks to use the affidavit to support his claim of actual innocence raised in Ground Four. However, the Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, ––– U.S. –––, 133 S.Ct. 1924, 1931 (2013) (*citing Herrera v. Collins*, 506 U.S. 390, 404–05, 113 S.Ct. 853 (1993)). Because actual innocence is not a freestanding claim, the decision of the Oklahoma Court of Criminal Appeals' decision could not be contrary to or an unreasonable application of clearly established federal law. As such, Petitioner's Ground Four, although perhaps timely filed and exhausted, must nevertheless be dismissed.

The same holds true with regard to Petitioner's Eighth Ground for Relief. Therein he complains that he was not appointed counsel for the evidentiary hearing conducted by the District Court of Jefferson County. According to the Order Denying Post-Conviction Relief filed by the District Court of Jefferson County, the hearing was scheduled by Order dated November 23, 2013. As such, Petitioner should have been aware on that date, and certainly not later than January 7, 2014, the first day of the evidentiary hearing ,that he was not going to be appointed counsel. Because this occurred during Petitioner's post-conviction proceedings, which tolls the running of the statute of limitations period, the November 20, 2015 Petition herein was timely under § 2255(d)(1)(D) with

4

regard to this claim. The claim, however, is subject to dismissal, because there is no constitutional right to counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). As such, regardless of whether Petitioner's Eighth Ground for Relief is timely or has been exhausted, it lacks merit and is therefore dismissed.

With regard to the claims that are untimely pursuant to § 2244(d)(1), the Court must consider two remaining contentions. First, whether Petitioner is entitled to equitable tolling of the statute of limitations period, and second, whether his claim of actual innocence can serve as an equitable exception to § 2244(d)(1). *See McGuiggin*, 133 S.Ct. at 1931. "AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)(internal quotation marks omitted). A petitioner must also diligently pursue his claims; "[s]imple excusable neglect is not sufficient." *Id*. Petitioner makes no allegations of any extraordinary circumstances such that the Court can infer that this case presents the rare and exceptional circumstance that would warrant equitable tolling of the statute of limitations period. Accordingly, the Court turns to whether Petitioner's claim of actual innocence permits Defendant to avoid the limitations period under the miscarriage of justice exception.

"The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]. *McQuiggin*, — U.S. —, 133 S.Ct. At 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (internal quotation marks omitted)). Even accepting the affidavit of Mr. Trover constituted new evidence, there is no indication that the contents thereof were such that no reasonable juror would have convicted Mr. Gasowski. As set forth in the Order issued by the District Court of Jefferson County denying Petitioner's application for post-conviction relief, the

evidence presented completely belied the representations allegedly made in Mr. Trover's affidavit regarding the existence of any "secret" plea agreement with the prosecution. This evidence included Mr. Trover's inability to recall any details regarding the secret agreement and the fact that he served his sentence of imprisonment despite an alleged deal that mandated he would serve no jail time. At best the affidavit, if believed, would have permitted Petitioner to raise a *Brady/Giglio* violation; it is not, however, evidence of Mr. Gasowski's actual factual innocence so as to avoid the AEDPA statute of limitations.

For the reasons set forth herein, the Respondent's Motion to Dismiss is hereby GRANTED. The Report and Recommendation (Doc. No. 15) is ADOPTED for the reasons set forth above and to the extent it is consistent herewith. With regard to Grounds for Relief Four and Eight, the Petition is DISMISSED because those grounds fail to state a claim cognizable on habeas review.

**IT IS SO ORDERED** this 11th day of July, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE